**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ASA ACCUGRADE, INC.,
ALAN HAGER,
DIANE HAGER,**

          **Plaintiffs,**

**-vs-**                                 **Case No. 6:05-cv-1285-Orl-19DAB**

**AMERICAN NUMISMATIC
ASSOCIATION, HERITAGE CAPITAL
CORPORATION,
COLLECTORS UNIVERSE, INC.,
BARRY STUPPLER & CO., INC.,
NU GRADE, LLC,
PROFESSIONAL NUMISMATISTS
GUILD, INC.,**

          **Defendants.**

_____

**ORDER DISCHARGING ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

This cause came on for consideration of the parties' Responses to the Court's two separate Orders to Show Cause. Doc. Nos. 23, 24, 27; 68, 69, 70, 71, 73. On September 14, 2005, the Court ordered Defendants to show cause why this case should not be remanded to state court for untimely removal in excess of one year after commencement of suit and for potential lack of complete diversity based on the unknown citizenship of American Numismatic Association. Doc. No. 14. On February 8, 2006, the Court ordered Plaintiffs to show cause why the claims against unserved Defendant NuGrade, L.L.C. should not be dismissed. The Court also ordered Defendant to show why the case should not be remanded for the potential lack of complete diversity if the unknown citizenship of the limited liability company, NuGrade, LLC, was considered. Doc. No. 67.

For the reasons that follow, the Court discharges both Orders to Show Cause with an admonishment to the removing Defendants on two issues. First, there is little doubt that the Defendants improperly removed the case after passage of the one year limitation on removal[1]. However, because Plaintiffs failed to file a motion to remand on the basis of a procedural error, the Court is not empowered to remand the case *sua sponte* for the untimely removal and the case will stay in this Court.

Second, Defendants are admonished that it is their obligation in the removal petition to set forth the identities of all parties to the suit, and for a limited liability company, this requires the recitation of the citizenship of each and every member of the limited liability company. The removing Defendants failed to identify the citizenship of the members of NuGrade, LLC. Contrary to Defendant ANA's argument, it is indisputably within the Court's power to remand a case *sua sponte* for lack of subject matter jurisdiction, *i.e.*, lack of complete diversity of citizenship, *at any point in the litigation* (or on appeal)[2]. *See* Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3739 at 419. When subject matter jurisdiction is lacking, such a defect cannot be waived by the parties and a district court is required to inquire into and determine the nonexistence of diversity jurisdiction on its own accord even if the issue is not raised by one of the parties. *Id*. Thus, while the Court is indisputably empowered to remand this case *sua sponte* for lack of subject matter jurisdiction if it discovers that complete diversity is lacking, such remand is not required at this time because the

---

[1] Defendants' arguments that this case falls into an exception because state antitrust claims are raised is not well taken.

[2] Defendant ANA erroneously cites to the wrong portion of Federal Practice & Procedure § 3739, arguing *sua sponte* remands are disfavored; however, the particular citation does not apply to remands for lack of subject matter jurisdiction and Defendant's citation is inapposite.

Court denies Plaintiffs' Motion for a Ninety Day Enlargement of Time to Perfect Service[3] on NuGrade, L.L.C. (whose citizenship remains uncertain).

## Background Facts

Plaintiffs originally sued these Defendants in the Circuit Court for Seminole County, Florida for claims asserted under Florida law. Doc. No. 3. Defendants filed a Notice of Removal (Doc. No. 1) in this Court pursuant to 28 U.S.C. § 1332, which confers federal district courts with original jurisdiction over "diversity" cases. A district court has original jurisdiction over cases in which the parties are of diverse citizenship and the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Defendants removed the Complaint based on the purported citizenship of the various Defendants and the amount in controversy asserted of $5 million, which was Plaintiffs' response to an interrogatory about the amount sought in damages.

The Notice of Removal and supporting documents filed by Defendant Collectors Universe, Inc. on September 2, 2005 (Doc. No. 1) indicate that most other Defendants were served with the original Complaint by July 2004. Collectors Universe was served with the Second Amended Complaint on August 3, 2005 and the case was removed (with the agreement of the other Defendants who had been served) on September 2, 2005. One Defendant, Nu Grade, L.L.C., was not served by Plaintiffs before the case was removed to federal court and has still not been served, although Plaintiffs now seek an extension of time in which to serve NuGrade.

It is well established that removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941);

---

[3] The Court is simultaneously entering a Report and Recommendation to dismiss Plaintiffs' claims against NuGrade, L.L.C. without prejudice pursuant to Rule 4(m).

*Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; uncertainties are resolved in favor of remand.") Furthermore, any doubt as to proper subject matter jurisdiction should be resolved against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.* 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams*, 269 F.3d at 1321.

The federal court removal procedure is governed by 28 U.S.C. § 1446(b), which provides in pertinent part:

> If the case stated by the initial pleading is not removable, a notice or removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that *a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action*.

28 U.S.C. § 1446(b)(emphasis added). "Whatever the merits of the time limitation on removal may be, . . . it has the effect of providing the plaintiff with an opportunity to obscure the removability of a case or otherwise prevent it until the one-year period has passed, thereby defeating the defendant's removal right." Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3732 at 344. "Nevertheless, most federal courts have applied the statute's time limit literally – as if it were a statute of limitations – despite the clear tactical motivation of the plaintiff's conduct." *Id.*

In this case, Defendants allege as the basis for removal diversity jurisdiction under 28 U.S.C. § 1332. The action was commenced on March 18, 2004 in state court. Doc. No. 3. The Notice of Removal was not filed until September 2, 2005, more than one year later. Doc. No. 1. The Notice

was clearly untimely, however, Plaintiffs failed to file a timely motion for remand.  However, the Court cannot *sua sponte* remand a case to state court for non-jurisdictional defects in the removal petition.  *Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc.,* 254 F.3d 1317, 1319 (11th Cir. 2001) (holding that § 1447(c) does not authorize any *sua sponte* remand order not based on subject matter jurisdiction – even if made within the thirty day period).  The untimely notice of removal is a procedural defect, not a jurisdictional defect, and the Court may not *sua sponte* remand the case for such a defect.  *In re Uniroyal Goodrich Tire Co.,* 104 F.3d 322, 324 (11th Cir. 1997) (holding that the untimeliness of a notice of removal is a procedural, instead of a jurisdictional, defect).  A remand for a procedural defect must be raised in a motion to remand by Plaintiffs within 30 days of the filing of the Notice of Removal, or the defect is waived.  28 U.S.C. § 1447(c).  Plaintiffs have waived the defect.

*Citizenship of American Numismatic Association*

Based on the pleadings on file at the time of removal, it appeared that Defendant American Numismatic Association ("ANA"), as an (purportedly) unincorporated association, could have citizenship in Florida, thus destroying complete diversity.  In response to the first Order to Show Cause, the Defendants supplied documentation establishing that American Numismatic Association is indeed a federally chartered corporation created by Congress.  Doc. No. 23, 27.  Generally, federally chartered companies are considered citizens of the United States, but not of any particular state, and ineligible for diversity jurisdiction unless (1) Congress, in the charter, provided for citizenship in particular state, or (2) corporation's activities are sufficiently localized to warrant deeming it a citizen of particular state.  *Lehman Bros. Bank, FSB v. Frank T. Yoder Mortg.,* __ F. Supp.2d __, 2006 WL 335632, *3 (E.D. Va. Feb. 13, 2006); *Walton v. Howard University*, 683 F.

Supp. 826, 829 (D.D.C. 1987). ANA's charter provides that it is a "body corporate of the District of Columbia." Doc. No. 23 at 6. Such language has been held in other cases to mean that the corporation is considered a citizen of the District of Columbia. *See, e.g., Patterson v. American Nat. Red Cross*, 101 F. Supp. 655 (S.D.Fla. 1951) (Red Cross is a citizen of District of Columbia where incorporating statute indicates it is a "body corporate" of the District); *cf. Harris v. American Legion*, 162 F.Supp. 700, 705 (S.D. Ind.) (American Legion is not a citizen of any one state, as Congress intended it to be national in character, embracing all of the States and Territories of the United States), *aff'd* 261 F.2d 594 (7th Cir. 1958). When ANA is considered a citizen of the District of Columbia for diversity purposes, then complete diversity is not destroyed, and the Court maintains jurisdiction over the case.

*Lack of service on NuGrade, L.L.C.*

Upon a recent review of the file, the Court noted that removing Defendants had failed to identify the citizenship of the limited liability company, NuGrade, L.L.C., an as-yet unserved Defendant. Plaintiffs were ordered to show cause why Defendant Nu Grade, L.L.C. should not be dismissed without prejudice from this case for Plaintiffs' failure to timely prosecute their claims against Nu Grade, L.L.C. The removing Defendants were simultaneously ordered to provide the identities and citizenship of the members of Nu Grade, L.L.C. because it was their burden to prove that federal jurisdiction exists and present facts establishing their right to remove the case from state court. Plaintiffs' Response to the second Order to Show Cause stated that Plaintiffs had been unable to serve NuGrade, L.L.C., because the parents of its managing member, Callandrello, who live at

NuGrade's official corporate address[4] and were present when service of process was attempted on August 4, 2005, told the process server that Callandrello had moved and they did not have a forwarding address. Doc. No. 68-1 at 2. Plaintiffs did not move for an enlargement of time to serve NuGrade, L.L.C. until February 10, 2006, after the Court issued the second Order to Show Cause. Plaintiffs do not explain any efforts to serve NuGrade, L.L.C. made in the ensuing six months between August 4, 2005 and February 10, 2006. There is not good cause to grant Plaintiff's Motion for a Ninety-Day Enlargement of Time and the Court is recommending to Judge Antoon that Plaintiffs' claims against NuGrade, L.L.C. be dismissed without prejudice. Thus, the possibility that NuGrade, L.L.C.'s citizenship will destroy diversity is no longer at issue and the Court need not address Defendants' Responses which fail to state with certainty the citizenship of NuGrade, L.L.C. (although two Defendants sought more time to ascertain the information).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 27, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[4] According to the Pennsylvania Department of State corporation records, the corporate address is 392 Saw Creek Estates, Bushkill, Pennsylvania 18324.